Filed 8/30/16  P. v. Robles CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSE LUIS ROBLES,<br><br>  Defendant and Appellant. | F071387<br><br>(Kings Super. Ct. No. 11CM8543)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from an order of the Superior Court of Kings County. Thomas De Santos, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Franson, J., and Smith, J.

Appointed counsel for defendant Jose Luis Robles asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the facts of the case. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On August 19, 2011, defendant pled guilty to possession of heroin in prison (Pen. Code, § 4573.6)[1] and admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Defendant had been convicted of murder in another case. On August 19, 2011, the trial court sentenced him to six years in prison, to be served consecutively to his incomplete sentence.

On February 17, 2015, defendant filed a pro. per. petition for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), requesting that the court reduce his felony conviction for possession of heroin in prison (§ 4573.6) to a misdemeanor. His petition stated that his "circumstances fit within the meaning and intent of this new law. While serving a 25 to life term for murder, [he] took a 6 year deal here for possession of a controlled substance to run consecutively with his life sentence."

The prosecutor response stated section 4573.6 is not an eligible offense pursuant to Proposition 47.

---

[1]     All further statutory references are to the Penal Code.

On March 9, 2015, the trial court denied the petition for resentencing because defendant's conviction did not qualify for resentencing under Proposition 47.

On April 10, 2015, defendant filed a notice of appeal.

## DISCUSSION

On November 4, 2014, California voters enacted Proposition 47, and it went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.)

"Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) " (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.)

Possession of heroin in prison (§ 4573.6) is not among the offenses listed in section 1170.18. Therefore, the trial court properly denied defendant's petition for resentencing under Proposition 47. We also note that defendant had been convicted of a "super strike"—murder—that rendered him ineligible. (See §§ 1170.18, subd. (i), 667, subd. (e)(2)(C)(iv).) Among the disqualifying super strikes: "Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive." (§ 667, subd. (e)(2)(C)(iv)(IV).) For both reasons, defendant was ineligible for resentencing under Proposition 47. Accordingly, the trial court did not err in denying defendant's petition for resentencing. Furthermore, we see no other arguable error that would result in a disposition more favorable to defendant.

3

## **DISPOSITION**

The order denying defendant's petition for resentencing pursuant to Proposition 47 is affirmed.